Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| ROBERTO GONZÁLEZ LAGO POR SÍ, Y EN REPRESENTACIÓN DE LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR ROBERTO GONZÁLEZ LAGO Y MARÍA IRENE PORTELA MORALES<br><br>Peticionario<br><br>V.<br><br>ROSA MAXIMINA VARGAS SALES POR SÍ, Y EN REPRESENTACIÓN DE LA COMUNIDAD DE BIENES POST-GANANCIALES; LA SUCESIÓN DEL FINADO DAVID RELIS ACEVEDO CABRERA, COMPUESTA POR SU VIUDA ROSA MACIMINA VARGAS Y ESTEBAN DAVID ACEVEBO VARGAS; MAYAGÜEZ CEMETERY, INC.<br><br>Recurridos | KLCE202300475 | Recurso de *Certiorari* Procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm.: MZ2021CV00959(307)<br><br>Sobre: Ejecución de Hipoteca, Propiedad Comercial, Cancelación o Restitución de Pagaré Extraviado, Cobro de Dinero-Ordinario |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Jueza Mateu Meléndez y el Juez Marrero Guerrero.

Marrero Guerrero, Juez Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 31 de mayo de 2023.

Comparece ante nos el señor Roberto González Lago (el peticionario) y solicita que revoquemos *Resolución* notificada el 28 de marzo de 2023 por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (TPI).[1] En esta, el TPI declaró No Ha Lugar la *Solicitud de Reconsideración*[2] interpuesta por el peticionario en la

---

[1] Véase apéndice de la parte peticionaria, pp. 252-253.
[2] Véase apéndice de la parte peticionaria, pp. 192-204.

Número Identificador
RES2023_____

cual le solicitaba al foro recurrido que dejara sin efecto cierta *Resolución y Orden*[3] notificada el 30 de enero de 2023 en la cual se ordenó a la Lcda. Marilena Román Gandulla presentar una petición de incapacidad en beneficio de su cliente, el peticionario Roberto González Lago. Ello, según se indica en la impugnada determinación judicial, en cumplimiento con lo previamente determinado por otro Tribunal mediante Orden fechada el 12 de agosto de 2019. Además, en la Resolución y Orden cuya revisión realmente se nos solicita, se decretó la paralización de los procedimientos hasta que se determinara la capacidad mental del peticionario. Considerado el recurso, la oposición al mismo y el expediente que los acompaña, resolvemos que no intervendremos con la actuación del foro primario en esta etapa de los procedimientos.

-I-

El 1 de agosto de 2001, las partes de epígrafe suscribieron un *Contrato de Compraventa de Acciones, Contrato de Prenda y sobre Garantía* (el contrato) a los fines de que los recurridos obtuvieran todas las acciones de corporación Mayagüez Cemetery, Inc. por el precio convenido de $3,900,000.00. En esa misma fecha, los recurridos otorgaron un pagaré hipotecario por el monto de $3,600,000.00 y, luego de 20 años de la relación contractual, el peticionario presentó *Demanda* el 30 de junio 2021 solicitando el pago del remanente de la cuantía convenida.[4]

Luego de múltiples trámites procesales, el 22 de noviembre de 2022 el peticionario presentó *Moción Informativa Urgente sobre Descubrimiento de Prueba y Poder Duradero*.[5] En esta alegó que durante una reunión para preparar al señor González Lago para la

---

[3] Véase apéndice de la parte peticionaria, pp. 186-191.
[4] Véase apéndice de la parte peticionaria, pp. 1-23.
[5] Véase apéndice de la parte peticionaria, pp. 82-86.

toma de su testimonio, su representante legal notó que este mostraba problemas para concentrarse y analizar asuntos medulares sobre su causa de acción. También, destacó que tanto su memoria remota como su habilidad para analizar documentos no eran idóneas. Por lo tanto, y con el aval del Dr. Arturo A. Ortiz Padua, neurólogo del peticionario, sostuvo que deponer a este último agravaría sus condiciones cognitivas.[6] A esos fines, solicitó al TPI que tomara conocimiento sobre la existencia de un *Poder Duradero* otorgado por el peticionario el 28 de febrero de 2017 y la designación de un apoderado, Lcdo. Luis A. Nuñez Salgado.[7]

Posteriormente, el 27 de diciembre de 2022, la parte recurrida presentó su *Moción en Cumplimiento de Orden de Réplica y Solicitando Remedios* en la cual solicitó al TPI que se evaluara el estado mental del peticionario, continuara limitadamente el descubrimiento de prueba en el caso y se le ordenara a este a cumplir con una *Resolución* emitida por el Tribunal Municipal de Guaynabo en la cual se ordenó a la entonces representación legal del peticionario a presentar una petición sobre declaración de incapacidad ante el Tribunal Superior.[8] Además, el foro municipal ordenó que se le rindiera informes cada tres meses en cuanto al estado mental del peticionario.[9] Considerados los argumentos de las partes, el 30 de enero de 2023 el TPI notificó la *Resolución y Orden* en la cual, y tal y como se ha relatado previamente, ordenó se presentara la petición de incapacidad del peticionario en un término de 30 días y ordenó la paralización de los procedimientos hasta se determinara la capacidad mental de este.[10] Adicionalmente, y ante

---

[6] Véase apéndice de la parte peticionaria, p. 88.
[7] Véase apéndice de la parte peticionaria, p. 86.
[8] Véase apéndice de la parte peticionaria, pp. 116-168. La determinación del Tribunal de Guaynabo se encuentra en la pp. 156-168.
[9] Casos Núm. QUEA 2018-092 y QEA2018-106. Destacamos que lo resuelto por el foro municipal fue confirmado por este foro apelativo en el caso núm. KLCE 2019-1330.
[10] Véase apéndice de la parte peticionaria, pp. 186-187.

la moción presentada por los recurridos, declaró No Ha Lugar la solicitud de que se evaluara el estado mental del peticionario.[11]

Así, y luego de que su solicitud de reconsideración fuera declarada sin lugar el 28 de marzo de 2023, los peticionarios acuden ante nos alegando que el TPI incidió de las siguientes maneras:

> *El TPI incurrió en error manifiesto al ordenar la paralización de los procedimientos hasta que se solicite la incapacidad de uno de los demandantes. La orden actual se imparte para que la existente representación legal de los peticionarios cumpla con una orden de dos años de antigüedad dirigida a una representación legal distinta y emitida por un tribunal municipal.*

> *El TPI incurrió en error manifiesto al no permitir la utilización de un poder duradero existente y en pleno vigor requiriendo la presentación de una petición de declaración de incapacidad a nombre de Don Roberto González Lago.*

> *El TPI incurrió en error manifiesto al paralizar el caso, perjudicando sustancialmente los derechos de los demandantes-peticionarios, quienes son envejecientes protegidos por la Ley 121 de 12 de julio de 1986, según enmendada, y mejor conocida como la "Carta de derechos de la persona de edad avanzada en Puerto Rico."*

-II-

-A-

El Tribunal Supremo de Puerto Rico ha señalado que el auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009). Por *discreción* se entiende tener el poder para decidir en una forma u otra, esto es, para escoger entre uno o varios cursos de acción. *García v. Asociación*, 165 DPR 311, 321 (2005). La Regla 52.1 de Procedimiento Civil, por su parte, delimita las instancias en que este foro habrá de atender y revisar mediante este recurso las resoluciones y órdenes emitidas por los tribunales de primera instancia, a saber:

---

[11] Véase apéndice de la parte peticionaria, pp. 188-189.

*el recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.*

*Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.* Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1.

Por su parte, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, establece los criterios a considerar para que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante este recurso. Dicha regla adquiere mayor relevancia en situaciones en las que, de ordinario, no están disponibles otros métodos alternos para la revisión de determinaciones judiciales y así evitar un fracaso de la justicia. *IG Builders et al. v. BBVAPR, supra.*

Como se expresara previamente, para determinar la procedencia de la expedición de este recurso, debemos tomar en consideración los criterios dispuestos en la Regla 40 del Tribunal de Apelaciones, *supra.* Estos son:

(A)  *Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*

(B)  *Si la situación de hechos planteada es la más indicada para el análisis del problema.*

(C)  *Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*

(D)  *Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*

(E)  *Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*

(F)  *Si la expedición del auto o de la orden de mostrar causa*

> *no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*
>
> *(G)   Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*

Siendo la característica distintiva para la expedición de este recurso la discreción conferida al tribunal revisor, hemos citado al Tribunal Supremo de Puerto Rico en cuanto a que:

> *De ordinario, no se intervendrá con el ejercicio de discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial. IG Builders et. al. v. BBVAPR*, 185 DPR 307 (2012); *Zorniak Air Services v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).[12]

De manera que si la actuación del foro recurrido no está desprovista de base razonable ni perjudica los derechos sustanciales de las partes, deberá prevalecer el criterio del juez de primera instancia a quien le corresponde la dirección del proceso. *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414 (2013); *Sierra v. Tribunal Superior*, 81 DPR 554 (1959).

-III-

Nos confrontamos con la situación de que un demandante, quien juramentó la demanda, y ha, en palabras de su propia representación legal, "participado activamente en tramites relativos al descubrimiento de prueba escrito y consistentemente ha mostrado conocimiento sobre los hechos que dan lugar al presente pleito", solicita por conducto de su representación legal que no se le deponga, pues ello podría agravar sus dificultades cognitivas y, por lo tanto, suplica que se autorice a la persona en cuyo favor otorgó un poder duradero que lo represente en el trámite judicial.[13] Examinado el expediente, consideramos que, ante las naturaleza de las alegaciones en contrario esgrimidas por las partes sobre la

---

[12] *Eliezer Santana Báez y otros. v. Departamento de Corrección y Rehabilitación, Wanda Montañez Martínez y otros.* KLCE201900924.
[13] Véase apéndice de los peticionarios, pp. 82-86.

controversia dirimiéndose ante foro primario, en las que entre otros aspectos, además de cuestionarse la capacidad mental del peticionario, se alegan ciertos actos posiblemente indicativos de una modificación de los términos del contrato por parte del mismo, no incidió el TPI al ordenar el cumplimiento con una determinación previa, final y firme, de que se tramitara la incapacidad del señor González Lago.[14] Surgen del expediente circunstancias que sustentan la determinación del TPI en cuanto a la necesidad de que se dilucide la capacidad del peticionario. Siendo este aspecto uno cuya aclaración resulta necesaria para la adjudicación de la demanda en sus méritos, tampoco encontramos que haya constituido un error la determinación del TPI de paralizar los procedimientos ante sí.[15]

-IV-

Evaluado el expediente del caso y la determinación recurrida, en el ejercicio de nuestra discreción, declinamos la invitación a intervenir con lo actuado por el foro primario. Los peticionarios no nos persuadieron de que el TPI hubiese cometido error alguno o que en su proceder ha mediado prejuicio, parcialidad o error craso y manifiesto. Consecuentemente, denegamos la expedición del auto de *certiorari.*

---

[14] Sobre este aspecto, es evidente que el hecho de que se inste la petición no significa que la misma necesariamente será concedida por el tribunal con competencia luego de que dicho foro considere las circunstancias particulares del señor González Lago. Sin embargo, el resultado de dicho proceso servirá para arrojar luz sobre la capacidad mental del peticionario y si este puede participar o no de los procedimientos, particularmente, el descubrimiento de prueba. De otra parte, no ignoramos la alegación de los demandantes a los efectos de que, conforme a los términos del contrato entre las partes, cualquier modificación a los términos del mismo debía consignarse por escrito. Los hechos y el derecho aplicable, sin embargo, deben ser establecidos en su momento en primer término por el por el TPI.

[15] Tomamos conocimiento del lamentable fallecimiento de la co-demandante María Irene Portela Morales (Q.E.P.D.) según fuera informado mediante moción informativa presentada ante este Tribunal el 18 de mayo de 2023. Esta circunstancia torna en académico el planteamiento de que la paralización decretada en atención a la situación del señor González Lago afectaba el derecho de la señora Portela Morales a una resolución *rápida* del caso, según fuera reclamado en el recurso.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones